**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEFFERY JONES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-07-CA-710-LY** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's claims for habeas corpus relief under 28 U.S.C. § 2254 (Document 6); Petitioner's amended application for habeas corpus relief (Document 15); Respondent's Answer (Document 17); and Petitioner's response thereto (Document 24). Petitioner, proceeding pro se, has paid the applicable filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause

number 0912996, styled <u>The State of Texas v. Jeffrey Jones</u>.  Petitioner was convicted of possession of a controlled substance – cocaine, and on September 18, 1991, he was sentenced to 25 years in prison.  Petitioner is not challenging his holding conviction in his habeas corpus application.  Rather, Petitioner challenges prison disciplinary case number 20070070035.

On November 8, 2006, Petitioner was found guilty of fighting an inmate without a weapon, which resulted in injuries that required treatment up to first aid, a Level 2, Code 21.0 violation of the TDCJ-CID Disciplinary Rules and Procedures for Offenders Handbook.  (Disciplinary Hearing Record ("DHR") at 1).  As a result of the disciplinary hearing, Petitioner received 30 days loss of commissary privileges, 30 days cell restriction, 15 days of solitary confinement, a reduction in line class from S4 to L1, and a forfeiture of 30 days of good conduct credits.  (DHR at 1,8).

Petitioner filed a Step 1 grievance appealing the disciplinary proceeding on November 13, 2006.  (Disciplinary Grievance Records ("DGR") at 1).  It was denied on December 6, 2006.  (DGR at 2).  Petitioner filed a Step 2 grievance on January 8, 2007.  (DGR at 3).  It was denied on February 15, 2007.  (DGR at 4).

The Court received Petitioner's original federal application for habeas corpus relief on August 21, 2007.  Petitioner amended his federal application for habeas corpus relief on September 13, 2007.  He amended his application again on January 6, 2008.

Although deciphering Petitioner's claims is difficult, Petitioner appears to be alleging:

1.    Prison officials disregarded concerns for his safety and failed to protect him by placing him in a dangerous area despite his repeated notifications of a potential threat;

2.    He was improperly denied an alternative housing assignment even though he indicated that he feared for his safety;

2

3.      He was assaulted by TDCJ-CID offenders;

4.      TDCJ displayed deliberate indifference by giving him an ultimatum – to take a disciplinary charge or be placed in a vulnerable situation where he feared for his safety, which thereby, subjected him to cruel and unusual punishment by prison staff;

5.      He was denied equal protection of the law, because he has not been protected;

6.      There was insufficient evidence to support a finding of guilt;

7.      He acted in self-defense;

8.      His placement in solitary confinement interfered with his ability to prepare an adequate defense, because he could not obtain and present evidence for the appeal process;

9.      He was denied a fair hearing;

10.     He was denied a proper investigation;

11.     The punishment he received was excessive; and

12.     He was retaliated against by TDCJ staff for filing previous complaints.

Respondent contends Petitioner exhausted his administrative remedies with respect to only half of his claims.   Respondent argues those claims are procedurally barred.   Alternatively, Respondent argues all of Petitioner's claims are without merit.

## DISCUSSION AND ANALYSIS

### A.      Exhaustion of Administrative Remedies

The pending petition is governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. See, e.g., Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be

granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. See Preiser v. Rodriguez, 411 U.S. 475, 492, 93 S. Ct. 1827, 1837 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. See Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978).

Nevertheless, a court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). As explained below, Petitioner's claims are without merit or are improperly filed in a habeas application.

### B.    Civil Rights Claims

The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent a petitioner seeks the restoration of his good conduct time lost as a sanction for misconduct, his remedy is under 28 U.S.C. § 2254. Franklin v. Johnson, 252 F.3d 436 (5th Cir. 2001). Moreover, a claim that a petitioner was denied due process in a prison disciplinary hearing is a challenge to the fact and duration of his confinement and must be pursued by writ of habeas corpus. Moore v. Booker, 194 F.3d 1309 (5th Cir. 1999). Section 1983, on the other hand, is the appropriate remedy

for a prisoner to attack illegal administrative procedures or conditions of confinement. <u>Cook v.</u> <u>Texas Dep't of Criminal Justice Transitional Planning Dep't</u>, 37 F.3d 166, 168 (5th Cir. 1994).

Petitioner's challenge to his prison disciplinary proceeding and the resultant loss of his good-time credits is properly asserted in a habeas petition, because the loss of good-time credits implicates the duration of Petitioner's confinement and resulted from a single allegedly defective hearing. <u>Preiser</u>, 411 U.S. at 494, 500. However, Petitioner's first five claims, alleging violations of his civil rights, challenge Petitioner's conditions of confinement rather than the "fact or duration" of such. These claims are more properly brought in a civil rights complaint filed pursuant to 42 U.S.C. § 1983 and are not cognizable in a federal habeas corpus action.

This Court recommends that Petitioner's civil rights claims (Claims 1-5) be dismissed without prejudice to refiling in a civil rights complaint. The Court notes the individuals responsible for his alleged constitutional violations are not parties to this action, and venue over such action would be improper in this Court. In addition, Petitioner is required to comply with the filing requirements of the Prison Litigation Reform Act when filing a civil rights complaint.

    **C.**    **Habeas Claims**

        1.    <u>Restrictions</u>

As a result of the disciplinary hearing, Petitioner received 30 days loss of commissary privileges, 30 days cell restriction; and 15 days solitary confinement. These punishments do not trigger the Due Process Clause. In <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns.

"They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

### 2.   Reduction in Time Earning Class

In addition to the above-listed punishments, Petitioner was reduced in line class from S4 to L1. To the extent Petitioner challenges his change in time-earning class these allegations also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

### 3.   Loss of Good Time Credits

Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58; Madison, 104 F.3d at 768. Respondent acknowledges Petitioner is eligible for mandatory supervision.

In Henson v. United States Bureau of Prisons, 213 F.3d 897 (5th Cir. 2000), the Fifth Circuit explained:

> When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768 (1985) (noting the usual procedural requirements which must be observed – notice, an opportunity to present evidence, and written findings in support of the ruling – and stating that "some evidence" must support the ruling). These requirements are flexible, however, and must necessarily be balanced against legitimate penological interests. See id.; Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.  Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (citing Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981)).  On federal habeas review of prison disciplinary hearings, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion."  Smith v. Rabalais, 659 F.2d at 545.

a.    Notice

The administrative records indicate Petitioner was notified of the disciplinary charges on November 7, 2006, at 12:12 p.m. (DHR at 1).  Petitioner's hearing was held the following day at 5:26 a.m. after Petitioner waived his right to 24-hour notice.  (DHR at 1).

b.    Opportunity to Present Evidence

The administrative record indicates Petitioner was informed of his right to call witnesses and present documentary evidence.  However, Petitioner did not request any witnesses or documentary evidence with respect to the disciplinary charge at issue.

c.    Written Findings in Support of the Ruling

Petitioner does not dispute the fact he received written findings in support of the hearing officer's ruling and finding of guilt.

d.    Some Evidence

The findings of a prison disciplinary hearing are not subject to review by this court unless they are arbitrary and capricious.  Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995).  In reviewing such findings, the only question before this Court is whether the decision made was supported by "some" evidence.  Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) (citing

Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454, 105 S. Ct. 2768, 2774 (1985));

Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

In reviewing the disciplinary records and disciplinary tape for Petitioner, the Court finds there was "some" evidence to support the hearing officer's finding of guilt. In this case, the evidence consists of Petitioner's testimony, the charging officer's report and the charging officer's testimony. (DHR 1-6). The evidence introduced at the hearing indicates Officer O'Neal observed Petitioner fighting with another offender in his cell. Petitioner argues he was merely defending himself from the other offender's attack. As explained by Respondent, the disciplinary charge of fighting does not take into consideration any extraneous circumstances surrounding the event. Petitioner was observed engaging in the specified behavior, was charged with fighting and was disciplined as a result. The officer's report and testimony is "some" evidence to support Petitioner's disciplinary action for fighting.

4.     Excessive Punishment

Petitioner asserts his punishment was excessive. As explained above, the only punishment relevant to this proceeding is Petitioner's loss of 30 days of good time credit. Petitioner does not allege his punishment was outside the agency's guidelines. Moreover, a loss of 30 days of good time credit when an offender is found guilty of fighting with another inmate can hardly be said to be excessive. See e.g. Richards v. Dretke, 394 F.3d 291 (5th Cir. 2004) (inmate lost 30 days good time credit for fighting with another offender).

5.     Solitary Confinement

Petitioner argues his placement in solitary confinement interfered with his ability to prepare an adequate defense, because he could not obtain and present evidence for the appeal process. As

8

explained by Respondent, Petitioner presents nothing more than conclusory assertions.  "[A]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."  Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).  Moreover, the records show Petitioner was able to file grievances while in solitary, and neither of his grievances mentions the inability to obtain evidence.  (DGR at 1,3).  In addition, the records show counsel substitute was appointed to assist Petitioner with his disciplinary action, in part, because he was confined in segregation.  (DHR at 6).  Petitioner has failed to show that he is entitled to federal habeas corpus relief on this issue.

      D.    <u>Retaliation</u>

      Petitioner's retaliation claim is not clear.  To the extent Petitioner asserts that prison officials instituted false disciplinary proceedings against him in retaliation for his filing grievances, his claim fails.  Petitioner has merely alleged his personal belief that he is being retaliated against and has failed to set forth a chronology of events or factual allegations from which retaliation may be inferred. <u>See</u> <u>Woods v. Smith</u>, 60 F.3d 1161, 1165 (5th Cir. 1995); <u>Jones v. Greninger</u>, 188 F.3d 322, 324-25 (5th Cir. 1999).

<b><u>RECOMMENDATION</u></b>

      It is recommended that Petitioner's claims 1-5 be dismissed without prejudice to refiling in a civil rights complaint and Petitioner's claims 6-12 for habeas corpus relief be denied.

9

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 27th day of June, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE